## EDWARD A. HIGNEY, JR .
vs.
## MARY AMARANTE, ET AL.

Superior Court    New Haven County    File #49571

Present:  Hon. CARL FOSTER, Judge.

V. P. Dooley,    Attorney for the Plaintiff.

J. T. Anquillare,    Attorney for the Defendants.

## MEMORANDUM FILED JUNE 26, 1936.

FOSTER, J.  In this case the Court finds that on December 31st, 1935, about the noon hour, the plaintiff drove a half-ton Ford truck east on Trumbull street, in New Haven, and as he approached the intersection of Trumbull street with Temple street he stopped his truck at a stop sign, before entering such intersection.  At that time the defendant Pasquale Amarante, as the agent of the defendant Mary Amarante, was driving an automobile easterly on Trumbull street some considerable distance in the rear of the plaintiff.  Pasquale Amarante, of whom I shall hereafter speak as the de-

fendant, operated his automobile at an excessive rate of speed and failed to maintain reasonable control of his automobile under the circumstances then existing, and without stopping drove his automobile with great force into the rear of the truck being operated by the plaintiff. As result of such collision the plaintiff was suddenly thrown back upon the rear of the cab of the truck in which he was sitting, so that the back of his head struck a metal part of the window of the cab. He suffered a laceration of the scalp three centimeters in length and a concussion of the brain; he was rendered unconscious and was shortly thereafter removed to the New Haven Hospital. There the laceration was sutured, and he remained under treatment for two weeks. He was then removed to his home, where he remained four weeks, at which time he returned to his occupation, which was that of a truck driver. During the first few days of his confinement in the hospital he suffered considerable pain in his head, which gradually diminished, though he still at times has headaches by reason of the concussion of the brain which he received. As a truck driver he had been receiving wages of sixteen and one-half dollars per week, which he lost for a period of six weeks. His hospital bill was ninety-six dollars and ten cents, and his doctor bill was eighty-five dollars.

I find that the plaintiff has proven by a fair preponderance of the evidence that the defendants were guilty of negligence which was the proximate cause of the plaintiff's injuries; that the plaintiff himself was free from contributory negligence which was a proximate cause of such injuries.

Judgment may be rendered in favor of the plaintiff, against the defendants, in the sum of One Thousand Two Hundred and Eighty Dollars, ($1,280.00).